WRIGHT, J.
The act of 1830, 28 O. L. 34, contained the first legal provision allowing defendants in this state to plead the statute of limitations of another state. By that law, when the parties to the contract resided out of this state at the making of the contract, and the suit is barred by the laws of the state where the contract was made, if the defendant afterwards remove into this state, or is sued here, the bar in the state of the contract is made a good defence to an action here. This suit was brought before the passage of that *164 act, and of course is not within its provisions. The plea, therefore, was improperly admitted.
The court below erred also in rejecting the evidence of the depreciation of the currency. The object was to ascertain how much 163] *money the salt which the defendant agreed to deliver, was Avorth'at the time and place agreed upon for its delivery; and if the Avitness estimated that value at a dollar a bushel in Kentucky currency, it was competent to ascertain what relation that currency bore to money. This was not a case of an attempt to explain what the term dollar means in a written contract; if it were, it would be inadmissible evidence.
The judgment below is reversed, Avith costs, and the case remanded for further proceedings.